Filed 5/29/15  P. v. Duncan CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B259091 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA026890) |
| v. | |
| CHESTER DUNCAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Chester Duncan, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On July 30 1997, the trial court in this matter sentenced Chester Duncan to 35 years to life in prison after a jury found him guilty of arson of an inhabited structure (Pen. Code, § 451, subd. (b)).[1] After finding Duncan had sustained two or more prior serious felonies (robberies), the court imposed a term of 25 years to life under the "Three Strikes" law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), plus two consecutive five-year terms under the prior serious felony enhancement (§ 667, subd. (a)(1)).

On or about August 14, 2014, Duncan filed a petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (§ 1170.126.) Under section 1170.126, an "inmate is eligible for resentencing if" the inmate "is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Although Duncan styled this petition as a "Petition for Writ of Habeas Corpus," and referenced claims of factual innocence and miscarriage of justice in connection with his arson conviction, he made clear he was seeking recall of his sentence and a resentencing hearing under section 1170.126.

On August 15, 2014, the trial court issued a memorandum of decision dismissing Duncan's petition (which the court characterized as a petition for reconsideration) without a hearing on the following grounds: "Defendant [Duncan] previously submitted a petition for recall of sentence pursuant to Penal Code section 1170.126, which was denied with prejudice on March 13, 2013. Defendant's current conviction is for arson (Penal Code section 451(b)), which is a violent felony pursuant to Penal Code section 667.5(c)(10), making Defendant ineligible for resentencing pursuant to Penal Code section 1170.126(e)(2)."[2] The court's August 15, 2014 decision also states: "With

---

[1] Further statutory references are to the Penal Code.

[2] Duncan's previous petition for recall of sentence and the ruling thereon are not included in the record on appeal.

2

respect to Defendant's other claims [presumably the claims of factual innocence and miscarriage of justice referenced in the petition], these claims need to be submitted in a separate Petition for Writ of Habeas Corpus and are dismissed without prejudice."

On September 4, 2014, Duncan filed a notice of appeal from the August 15, 2014 decision dismissing his petition to recall his sentence under the Three Strikes Reform Act of 2012 (§ 1170.126). (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 587 [trial court's denial of a petition to recall a sentence under section 1170.126 is an appealable order].) It does not appear he is challenging the portion of the trial court's August 15, 2014 decision dismissing without prejudice any other claims he might have to habeas corpus relief. Accordingly, we review only the portion of the decision dismissing his petition to recall his sentence.

We appointed counsel to represent Duncan on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On January 8, 2015, we advised Duncan that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to Duncan immediately.

On February 13, 2015, Duncan filed a 27-page handwritten supplemental brief attaching 20 exhibits relating to his trial and arson conviction. He did not submit these exhibits to the trial court as part of the petition to recall his sentence that is the subject of this appeal. His supplemental brief does not include arguments supporting his petition to recall his sentence under the Three Strikes Reform Act, but instead includes arguments that his arson conviction resulted from prosecutorial misconduct, instructional error and ineffective assistance of counsel. These arguments do not support proper grounds for moving to recall a sentence under section 1170.126, and therefore are not germane to the instant appeal.

We have examined the record and are satisfied that McCoy's counsel has complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

3

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                        CHANEY, Acting P. J.

We concur:


        JOHNSON, J.


        BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.